Marshall, C. J,
 

 This is an original action in mandamus in this court. The issues are made by the petition and demurrer thereto, upon the ground that the facts set forth are insufficient to constitute a cause of action. Relator prays a writ of mandamus to compel the defendants, as the Commission of Publicity and Efficiency, to publish an advertisement in the City Journal for the sale of bonds authorized by an ordinance of the city for the purpose of procuring real estate and erecting thereon public buildings of the city of Toledo, which ordinance became effective on July 18, 1925. By virtue of the charter of the city of Toledo, it is the duty of the defendant commission to cause to be published in the Toledo City Journal, a weekly publication, all ordinances as well as all legal advertising of the city. Although it is one of the
 
 *445
 
 functions of the defendants to make such publication, they have refused to advertise the bonds for sale, for the reason that their issue and sale will exceed the limitation on the net indebtedness of the city prescribed in Section 3941, General Code, as amended on July 20, 1925 (111 O. L., 338), and that therefore the city of Toledo is without authority to make such sale. Relator contends, and defendants concede, that, if the law in effect at the time the city ordinance became effective prevails, the bond issue is in all respects legal, and that it would be the duty of the defendants to publish the advertisement. It is, however, contended by the defendants that the amendment which became effective July 20, 1925, is a bar to any further proceedings relating to the issue and sale of the bonds, and that after July 20, 1925, the amendment absolutely controls.
 

 Before its amendment, Section 3941, General Gode, provided that the net indebtedness of municipal corporations authorized without a vote of the electors should never exceed 2% per cent, of the total value of all property in such municipal corporations, as listed and assessed for taxation. By the amendment, which became effective July 20, 1925, the limit was reduced to 1 per cent, of the total value of such property, with the further provision that so long as such indebtedness is more than 1 per cent, any municipality may in any calendar year incur indebtedness without a vote of the electors in an amount equal to 90 per cent, of the amount by which such net indebtedness incurred without a vote of the people had been reduced during the calendar year; It is alleged in the pe
 
 *446
 
 tition, and for the purposes of the case it is conceded by the demurrer, that, if the law in force prior to July 20, 1925, governs, the financial condition of the city is such that the bonds may be advertised and sold without a vote' of the people, and that, on the other hand, if the amendment governs, the bonds cannot be advertised and sold without authorization by a vote of the electors. There is therefore but one question before the court, viz.: Does the amendment which became effective July 20, 1925, prescribing a limitation on that indebtedness of 1 per cent, of the assessed valuation of property, prohibit the advertisement and sale of the proposed issue of bonds?
 

 The legislative proceedings of council were complete, and the ordinance authorizing the advertisement and sale of the bonds went into effect on July 18, 1925. The proceedings of the city council were in all respects regular, and no further action was necessary on the part of council. The bonds could have been sold to the sinking fund trustees of the city of Toledo, and were in fact offered to said trustees prior to July *20, 1925, but the trustees declined to purchase them. If the trustees had been in position to purchase the bonds, it is unquestioned that the sale would have been complete before the effective date of the amended law. Ordinarily it would seem that, if the bonds were valid for the purposes of sale to the sinking fund trustees, they should under all circumstances be valid for purposes of sale to the public, after advertisement. This reasoning is, however, not by any means conclusive of the matter. The case must at all events turn upon the one inquiry as to whether
 
 *447
 
 the amended law had application to proceedings pending at the time the law became effective.
 

 A careful reading of the amended law shows that no provision is made in the amendment that it should affect pending actions or proceedings* The amended section must therefore he read in connection with Section 26, General Code, which provides:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
 

 Clearly this amendment does not relate to remedies, hut, on the other hand, relates only to substantive rights, mid, if the legislation of the Toledo city council is a “proceeding” within the meaning of Section 26, General Code, that section must he held to apply and prevent the operation of the amended law as a bar to the advertisement and sale of the bonds.
 

 On the fundamental question as to whether the municipal legislation is a pending proceeding, we are not without authority. In
 
 Toledo
 
 v.
 
 Marlow,
 
 8 Ohio Cir. Ct. R., (N. S.), 121, the city of Toledo had adopted a preliminary resolution declaring the necessity for a street improvement. Thereafter, and before the city council had passed the neces
 
 *448
 
 sary ordinance determining to proceed, there was a change in the law governing assessments of property to pay for such improvements, and it was contended that the amended law applied! It was, however, held by the Circuit Court that the preliminary resolution was the beginning of a proceeding, and that the proceeding was therefore pending within the meaning of 'Section 26 when the amended law went into operation, and that therefore the amended law had no application to the assessments subsequently made to pay for the improvement. This decision was later affirmed by this court without report in 75 Ohio St., 574, 80 N. E., 1124.
 

 In the case of
 
 State ex rel. Andrews et al., County Com’rs.,
 
 v.
 
 Zangerle, Auditor,
 
 101 Ohio St., 235, 128 N. E., 165, it was held that a resolution declaring for a county road improvement, or fixing the assessment therefor, is a “proceeding” within the contemplation of Section 26, General Oode, and it was pointed out that Section '26 is a rule of interpretation, and is to be construed' as a part of any amended act, unless such amendment otherwise expressly provides.
 

 In
 
 Industrial Commission
 
 v.
 
 Vail,
 
 110 Ohio St., 304, 143 N. E., 716, it was held that an application for compensation under the Workmen’s Compensation Law, filed with the Industrial Commission prior to the effective date of an amendment to that law, is a proceeding within the provision of Section 26, and that therefore the amendment is not applicable in the trial of such action.
 

 State ex rel. Johnson, City Solicitor,
 
 v.
 
 Chandler, Auditor,
 
 105 Ohio St., 499, 138 N. E., 67, a case having many points of similarity to the case at
 
 *449
 
 bar, was decided by this court. In that case the city council. of Portsmouth passed legislation for the improvement of certain streets, and providing for the payment nf the'property owners’ proportion of the cost in twenty annual installments, and thereafter passed an ordinance determining to proceed with the improvement, and improvements were in fact completed. And thereafter, on November 16,1921, the council passed ordinances authorizing bond issues to provide the funds to pay the cost of the improvements, in anticipation of special assessments to be levied upon abutting properties, and that ordinance also provided for bonds maturing in one to twenty years. The bonds had not been sold by January 1, 1922, at which time the Griswold Act (109 Ohio Laws, p. 336) went into effect; by the provisions of which no bonds could be issued unless their maturities should not extend beyond the period of ten years. It was, however, held by this court that the proceedings were pending, that all legislation was complete, and that the acts of signing, sealing, and delivering the bonds were ministerial acts which would not be affected by the amended law. The Griswold Act was not a limitation upon bonded indebtedness, but only affected the character of the bonds to be thereafter authorized and sold. That case therefore differs in material respects from the instant case, and yet it is difficult to see why the same principle does not apply. The controlling fact in the instant case is that the ordinance which took effect July 18, 1925, became a pending proceeding, and was entitled to have the amendment of Section 3941, General Code, interpreted by the rule declared in Section 26, Gen
 
 *450
 
 eral ¡Oode. When the amendment is interpreted by that rule, it follows that the amendment can have no application to the municipal ordinance. The peremptory writ of mandamus must therefore be awarded.
 

 Writ allowed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.