**STATE, ex rel. WEBER et, Plaintiffs-Appellants, v. VAJNER, Building Commr., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22358.    Decided March 3, 1952.

Lody Huml, R. D. Metzner, Cleveland, for plaintiff-appellants.

Green, Lausche & Wilmot, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment for the defendants entered by the Common Pleas Court of Cuyahoga County. The action is one in mandamus seeking to direct the defendant (Building Commissioner of Orange Village) to issue a building permit for the construction of a single dwelling house on a lot owned by the plaintiffs on Walnut Hills Road in said village.

The plaintiffs purchased said lot November 3, 1945. It fronts on Walnut Hills Road (extended). Walnut Hills Road runs south from Kinsman Road in said village and for about 2200 feet is a duly dedicated and accepted public highway. The Walnut Hills Homesteads Inc. (the allotor) extended Walnut Hills Road further south to Harvard Road. Said extension was graded and surfaced but was not dedicated and accepted as a public street by Orange Village.

The plaintiffs on July 5, 1949, presented plans and specifications and made application for a building permit to build a single residence on the aforesaid lot, said permit being refused for the reason that the lot upon which the building was to be built did not front on a dedicated public street in the village.

When the plaintiffs purchased the lot it was not so restricted by the zoning ordinance of the village but on April 22, 1947, the village amended its zoning ordinance to provide that in all Class U-1 districts covering single residential property, every dwelling erected in the village shall have a frontage

on a public highway or upon a public street which has been duly dedicated and accepted for public use.

The record discloses that on March 18, 1947, Charles Miles who was then the owner of a lot fronting on Walnut Hills Road Extension applied for a permit to construct a single family residence thereon, and on April 22, 1947, the date the zoning ordinance was amended as herein set forth, the Building Commissioner issued a permit for the construction of said building on condition that the applicant sign a statement to the effect that the village is not obliged to furnish village services until such time as that portion of Walnut Hills Road Extension has been dedicated and accepted by the village. Whereupon said house was constructed in accordance with such permit.

In the summer of 1946, Kuth Fieldhouse who was the owner of a lot fronting on said Walnut Hills Road Extension made application for a permit to commence work preparatory to constructing a single family dwelling house, and on August 13, 1947, an application was made to permit construction of such single family dwelling, which application was refused by the Building Commissioner of the Village. Thereafter upon an action being filed and tried in common pleas court of Cuyahoga County, the court ordered the issuance of such permit and the permit was issued May 18, 1949 in accordance with the judgment. The single family dwelling house has since been constructed on said lot.

It is the claim of the plaintiffs that said amended ordinance is invalid and void for the reason that it has no substantial relation to the public health, safety, morals or general welfare of the people of the village, and is, in fact, discriminatory and destructive of plaintiffs' property rights and the plaintiffs' rights were prejudiced by the judgment of the Common Pleas Court sustaining the validity of said zoning ordinance and refusing the plaintiffs the right to a building permit.

The only question presented by this appeal, therefore, is whether or not the amended ordinance prohibiting the building of residences on lots which do not front on a dedicated street is a proper exercise of the police power in zoning restrictions.

It is for the village council and not the courts to determine the legislative policy of the village and unless it is made clearly to appear that the ordinance in question violates the constitutional rights of the plaintiff it must be sustained. (**Constitutional Law, 8 O. Jur., Sec. 169, p. 274.**)

The Village of Orange is located in the outlying, sparsely settled and in part rural portion of the county and in which some parts of the land is still devoted to farming. While this fact should, and does not limit the right of the village to

impose reasonable restraints upon the use of property in its development for residence and business zones by a comprehensive zoning ordinance, yet the exercise of the police power must in general be kept within the needs of the people under the existing conditions. It is the contention of the village that in protecting the health and safety of its citizens, properly constructed highways which will provide ready access to all inhabitants are necessary, and that the requirements of dedication gives the village control of the necessary improvements that must be installed before a street will be accepted by the village and as such, used in the development of residential areas. Just what the minimum requirements are to be, or whether Walnut Hills Road (extended) meets the standards, is not disclosed by the evidence. Upon this subject the record is completely silent. We are unable to say, therefore, whether the village requirements are reasonable or prohibitive.

It is further suggested that the restriction prohibiting the building of a residence on undedicated streets will prevent the subdivision of vacant land for allotment purposes without the installation of improvements meeting the minimum requirements of the village. If this be so the pressure is being applied in the wrong place. We are in full accord with the economic advantages to be found in planned urban developments, but the place to begin such a program is with those engaged in creating new allotments. Under the ordinance here being considered, lot purchasers, and not the real estate promoters, are being penalized for what is held by the ordinance to be improper developments. If this be the sole justification for the ordinance it must be held unconstitutional as unreasonable and confiscatory.

The validity of the ordinance here being considered must be judged with regard to its relationship in the protection of the health, safety, morals and welfare of the citizens of the Village of Orange. The record fails to show a single municipal service which the village is prepared to extend to its citizens including the plaintiffs, that would be, in any way, affected by a failure to dedicate for public use the street upon which plaintiffs' property fronts. If the condition of the highway upon which a residence is situated should limit or prevent the village from rendering an otherwise available municipal service, such limitation or denial of service should be the concern of the householder and not the village.

The evidence does not disclose a single fact or circumstance that in the slightest degree would justify preventing the plaintiffs from making reasonable use of their land: In fact the provisions of the ordinance are such that the plaintiffs will be unable to make any use of this property until the street is dedicated, a requirement which they are helpless to accomplish.

In McQuillan on Municipal Corporations, Vol. 7, p. 490, the author says:

"Prohibition of building as distinglished from their regulation cannot be ordained by the state or municipal corporation unless the prohibited building is per se dangerous to public health, safety and welfare * * *."

In the case of Pforzheimer v. Seidman, 99 N. Y. Supp. (2d) 87, the Board of Appeals of the incorporated village of Woodburgh, Nassau County, N. Y., had denied the petitioner the right to build an apartment house on property owned by the appellant, for two reasons, first, because [as was required by the zoning ordinance] a sewer connection could not be made to a street sewer and second, because a part of the plot of ground to be used extended twenty-five feet into Zone "B" restricted to use for residence purposes. The zoning ordinance provided in part:

"Section 16. No apartment house shall be constructed * * *

"(c) Unless the sewage from such apartment house shall be conveyed to and a connection made with a street sewer or a combined street storm water drain and sewer."

There was no street sewer of any kind in the street. The Court held that where a zoning ordinance prohibited construction of an apartment house, unless sewage connection could be had, it arbitrarily deprived the property owner in apartment house zone from lawful use of his land since there was no street sewer in the area and therefore such ordinance was illegal, unreasonable and unconstitutional.

This case was reversed by the appellate division (103 N. Y. Supp. 2d. 886). It is to be noted, however, the reversal in no way disturbed the principle of law on which the trial court founded its decision. The appellate division held that the proof before the board did not establish "that the use of the premises for one of the uses permitted in the D District would not yield a reasonable return * * *." In other words, the reversal was on the facts not the rule of law applied by the trial judge.

In 37 American Jurisprudence, Sec. 280, p. 908, footnote 1, the author says:

"If any doubt exist as to the extent of a power attempted to be exercised by a municipality out of the usual range or which may affect the common law right of a citizen it is to be resolved against the municipality."

We must conclude that the zoning ordinance of the Village of Orange which prohibits the plaintiffs from making use of their property, when the proposed use in no way affects the public health, safety, morals or welfare of the citizens of the village, is unconstitutional and void.

The judgment of the Common Pleas Court is therefore reversed and the cause is remanded with instructions to enter

judgment directing the Building Commissioner of the Village of Orange to issue a building permit as requested by plaintiffs' application.

Judgment reversed.

HURD, J, THOMPSON, J, concur.