STATE ex KANGESSER COMPANY, Plaintiff-Appellee, v. BEACHWOOD VILLAGE et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23374. Decided July 29, 1955.

Davies, Eshner, Johnson & Miller, Cleveland, for plaintiff-appellee.
Wilmot, Baskin, Lausche & Kelley, Cleveland, for defendants-appellants.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District sitting by designation in the Eighth Appellate District.)

## OPINION

By STEVENS, PJ.:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, ordering the issuance of a writ

of mandamus requiring the defendants to issue a building permit to relator for the construction of a one-story, two-unit commercial building, on premises owned by relator.

The trial court predicated its allowance of a writ of mandamus, solely upon its conclusion that the amendment (1951-35) to the comprehensive zoning ordinance of the Village of Beachwood constituted spot zoning and hence was invalid.

This appeal challenges the propriety of that conclusion and the judgment carrying it into effect.

The record herein discloses that, prior to 1951 (the exact time not appearing), the Village of Beachwood duly adopted a comprehensive zoning ordinance, under which eight parcels, mostly "L" shaped, were zoned for "U4," or commercial, use.

This case concerns only the parcel at the northeast corner of Green Road and Fairmont Boulevard, extending 600 feet along Green Road and 600 feet along Fairmont Boulevard, with a depth of 150 feet.

On May 21, 1951, ordinance No. 1951-35 of the Village of Beachwood was introduced, providing for the rezoning of the strips 150 feet deep along Green Road and Fairmont Boulevard, from U4, or commercial, use, to single-family residential use.

Public hearing on the proposed ordinance was set for June 25, 1951, and notice in conformity to law was given.

On June 12, 1951, the Kangesser Company filed its application for a building permit to construct a commercial building at the corner of Green Road and Fairmont Boulevard, together with its plans for said building, and paid the required fee therefor.

The evidence does not warrant the conclusion that the June 12, 1951, application was a modification or renewal of a previous application for a building permit filed by said Company. The plans for said building were referred to the Board of Architectural Review, which reviewed them on June 26, 1951.

On June 25, 1951, ordinance No. 1951-35 was duly passed by the council of the Village of Beachwood, after lengthy consideration by council. The Kangesser Company's application for a building permit was denied by the building inspector for the reason that its property in question was zoned for residence purposes only at the time its application came on for consideration.

Appeal was then duly taken to the Board of Zoning Appeals, which likewise denied said application.

This mandamus action followed.

Sec. 713.10 R. C., in part, provides:

"* * *

"The legislative authority of such municipal corporation may amend or change the number, shape, area, or regulations of or within any district * * *."

It must be understood that the four areas, consisting of eight parcels zoned for commercial or U4 use in the Village of Beachwood, are widely scattered throughout the village, and the attempted amendment here under consideration dealt with only one parcel. There was no other nearby parcel in the village zoned for commercial purposes.

One of the best considered and most exhaustively annotated cases upon zoning to appear in the legal publications in recent years is **Cleveland Trust Co. v. Village of Brooklyn, 92 Oh Ap 351,** written by Hurd, J., of the Eighth District Court of Appeals. The syllabus of that case states the general rules applicable in a consideration of the validity of zoning legislation. The first three paragraphs of the syllabus are as follows:

"1. All zoning laws and regulations must find their justification in some aspect of the police power asserted for the public welfare. Such laws and regulations must be considered as a valid exercise of police power if substantially related to public health, safety, morals or welfare.

"2. The power of a municipality to establish zones and to classify property accordingly, is purely a legislative function which will not be interfered with by the courts, unless such power is exercised in an arbitrary, confiscatory and unreasonable manner in violation of constitutional guarantees.

"3. The presumption of validity which attaches to legislative acts in general applies with equal force to zoning ordinances and regulations and the facts to justify interference by courts with the legislative function must clearly appear from the evidence. If the legislative classification for zoning purposes is fairly debatable the legislative judgment must be allowed to control."

On the subject of spot zoning, 62 C. J. S., Municipal Corporations, Sec. 226(6)e, states the following:

"It has generally been held that spot zoning, or zoning of small individual pieces of property in a manner different from that of surrounding property, is improper, and that one or two building lots may not be marked off into a separate district or zone and benefited by peculiar advantages or subjected to peculiar burdens not applicable to adjoining similar lands."

How stands the present case when judged by the foregoing rules?

The legislative body of the Village of Beachwood determined, after lengthy and due considerations, that the public health, safety, morals and welfare of the community would best be served by rezoning, from U4, or commercial, use, to single-family use, the premises at the intersection of Green Road and Fairmont Boulevard. **Sec. 713.10 R. C.,** above quoted, vested in the council the authority to amend existing zoning legislation.

The courts have repeatedly stated that the power to establish zones and to classify property accordingly is a purely legislative function, and that courts will not interfere with the exercise of this function by the legislative body, "unless such power is exercised in an arbitrary, confiscatory and unreasonable manner in violation of constitutional guarantees."

This court is unanimously of the opinion that the council of the Village of Beachwood, in its determination to rezone the premises in question, acted within its statutory authority, and was not shown, by the record before us, to have acted in an arbitrary or unreasonable manner.

We are further of the opinion that the evidence does not indicate

that the rezoning of the premises in question constituted "spot zoning," as held by the trial court. Quite the contrary does appear, for the amendment of the zoning ordinance brings all of the property in this immediate area under a similar use classification, without prejudice to, or preference of, the property rezoned.

The case of Shepard v. Village of Skaneatelas, 300 N. Y. 115, decided by the Court of Appeals of the state of New York in 1949, most closely factually approximates the case under consideration of any which have been called to our attention. It is authority, together with the other authorities cited, which, in our judgment, requires a reversal of the judgment under review; and, there being no basis, from the evidence produced, for a declaration of the invalidity of the amendment under consideration, this court will, as a matter of law, enter the judgment which the trial court should have entered—namely, the dismissal of the petition of plaintiff, at the costs of relator.

HUNSICKER, J, DOYLE, J, concur.