**KREUTZ, Plaintiff, v. LAUDERBAUGH et, Defendants.**

Common Pleas Court, Franklin County.

No. 194948.   Decided May 25, 1956.

Jack R. Alton, Columbus, for plaintiff.
Otis Buchanan, Columbus, for Thelma Brown.
Wilson & Rector, Columbus, Harrison Smith, Jr., for William Blessing and NYC Railroad Company.
Samuel L. Devine, Pros. Atty., Albert E. Giles, Asst. Pros. Atty., for County Commissioners.

## OPINION

By DRAPER, J.

In providing for Rural Zoning, Chapter 303 R. C. (formerly Chapter 6 GC) provides a method for the establishment of an overall plan of zoning for the unincorporated area of the county. That Chapter of the Code also provides methods for amending or supplementing the overall plan.

These statutes provide that amendments, or supplements, may be initiated either (a) by a resolution of the County Commissioners, or (b) by a petition signed by a number of voters (8% of those voting for governor) of the area affected. After the initiation, certain other procedural steps are provided for by the statutes.

Unless there has been a literal compliance with these statutes as to the initiation of the proposed amendment, or supplement, a purported amendment, or supplement, of an overall plan for zoning is illegal and void.

This case comes into this court upon a petition in appeal and stipulation of facts from the approval of rezoning by the Board of County Commissioners of a 380.737 acre tract in Truro Township, Franklin County, Ohio, from residential and agricultural to heavy industry.

William E. Blessing, Jeannette M. Blessing, The New York Central Railroad Company, Adam Petzinger, Catherine Petzinger, Emmett F. Gornall, Mabel B. Gornall, Dora L. Schleppi, K. & T. Realty Co., Florence L. Beck, and Thelma Brown on October 21, 1955, made an application to the Franklin County Rural Zoning Commission to rezone certain property from residential and agricultural to heavy industry. Said application was set for hearing before the Franklin County Rural Zoning Commission on December 21, 1955, and advertised as prescribed by law. The Zoning Commission unanimously approved the said application. It was then referred to the Regional Planning Commission and on January 6, 1956, the Regional Planning Commission voted to return said application to the Rural Zoning Commission for another hearing which was set for February 16, 1956, and was advertised as prescribed by law.

On this hearing the Rural Zoning Commission unanimously approved the application. Said application was then certified to the Board of Franklin County Commissioners of Franklin County, Ohio, on February 17, 1956, who set the application for hearing on the 23rd day of March, 1956. The said hearing was advertised as prescribed by law. Said hearing was held on March 23, 1956, and at said hearing the County Commissioners by resolution voted unanimously to affirm the action of the Rural Zoning Commission.

A petition in appeal was filed within time and under and by virtue of the statutes prescribed for such appeals.

The principal point raised by the petitioner is that the Board failed to comply with the law in amending said zoning resolution.

This point involves the interpretation of Chapter 303 R. C. (formerly Chapter 6 GC), entitled: "County Rural Zoning." Sec. 303.02 R. C. (formerly §3180-1 GC) is as follows:

"County commissioners may regulate building and land use in un-

incorporated territory; division of unincorporated territory into districts or zones; uniform regulations. **(Sec. 3180-1 GC.)**

"The board of county commissioners may regulate by resolution the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas which may be occupied, set back building lines, sizes of yards, courts, and other open spaces, the density of population, the uses of buildings and other structures including tents, cabins, and trailer coaches and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of such county, and for such purposes may divide all or any part of the unincorporated territory of the county into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform, for each class or kind of building or other structure or use, throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones."

This statute was passed for the purpose of avoiding spot zoning without a compliance with the statutes provided for such purposes and to set up a uniform or overall zoning of the unincorporated area for the purpose of future planning within the boundaries of the county. We might say that this statute was passed so that the average citizen would be able by looking at said plan to determine where he might build a residence, industry, a supermarket or any other business. It is our feeling that the Legislature had in mind in the passing of these laws the protection of each citizen in the possession and use of his land from interference and also to provide industrial and commercial sites which would not interfere with or detract from sites zoned for residences.

We seem to have forgotten in our mad scramble for material possessions, that progress is not simply the erection of factories but is also the providing of wholesome neighborhoods where people may live as human beings and rear their children in an atmosphere conducive to their advancement and welfare. This is the background and the purpose of these statutes relating to county rural zoning.

Sec. 303.03 R. C. (formerly §3180-2 GC) is the method which the Board of County Commissioners must pursue in order to avail itself of the powers conferred in §303.02 R. C. (§3180-1 GC). This method of procedure is two-fold; one is by resolution and the other is by petition signed by 8% of the voters residing in the unincorporated area, said percentage based upon the total vote cast for all candidates for governor at the last preceding general election. The County Commissioners of Franklin County complied with this section (formerly §3180-2 GC), and adopted a plan of zoning as set forth in §303.02 through §303.11 R. C. (formerly §3180-1 to §3180-11 GC). This then becomes a binding obligation on the County Commissioners not to amend or supplement, unless there is a compliance with the statutes relating thereto

Sec. 303.12 R. C. (§3180-11 GC) relates to the amendments or supplements to the Zoning Resolution. This statute is the one with which we are faced in the present matter as to what it means and what jurisdictional procedure it sets out. It reads as follows:

"Amendments or supplements to the zoning resolution may be made as provided by §303.01 to §303.11, inclusive, R. C. * * *"

We feel that the language is clear and that the terms, amendments or supplements deal with the original plan of zoning as adopted by the County Commissioners and that any change that is intended to be made in the zoning in any of the unincorporated areas must be done on the same basis as set forth in §303.03 R. C. (§3180-2 GC); that is, it contemplates a change not of the particular area asked to be rezoned alone, but as the statute (§303.12 R. C.) reads, it must take into consideration its relationships and effect to overall plans, which would then be an amendment or a supplement to the original overall plan; further, the adoption of the resolution to amend or supplement must be made to the original resolution and plan, designating the changes which are currently contemplated by the amendment or supplement and any attempt to delegate to the Rural Zoning Commission the right to rezone, amend or supplement the original plan is not in compliance with §303.03 R. C. (§3180-2 GC) and is contrary to law.

County Rural Zoning Commission as referred to in §303.04 R. C. (§3180-3 GC), and its duties as set forth in §303.05 R. C. (§3180-4 GC), is a recommending body who recommends to the Board of County Commissioners plans for the carrying out by the Board of County Commissioners the powers, purposes and provisions as set forth in §303.01 R. C. (§3180-1 GC) to §303.25 R. C. (§3180-25 GC), and is not a separate and distinct commission with the right to rezone particular areas as separate transactions. These statutes, §303.04 R. C. (§3180-3 GC) through §303.11 R. C. (§3180-10 GC), are for the purpose of carrying out the provisions of §303.02 (§3180-1 GC) and §303.03 R. C. (§3180-3 GC), in the adoption of the overall plan for unincorporated areas and once the overall plan is adopted, they are then relegated, before making any changes in them, to §303.12 R. C. (§3180-11 GC), which means a new resolution, for the change in the plan followed by the hearings and recommendations as set forth in §303.04 R. C. (§3180-3 GC) through §303.11 R. C. (§3180-10 GC).

Sec. 303.13 R. C. (§3180-12 GC), setting up the County Board of Zoning appeals and §303.14 R. C. (§3180-13 GC), setting forth their powers, relate to the original resolution and the resolutions to amend or supplement. These sections set forth the method of appeal and set forth the procedure to hear and decide appeals and to make such changes as the powers granted in §303.14 R. C. (§3180-13 GC), grant them in relation to the original resolution and the resolutions to amend or supplement. Sec. 303.25 R. C. (§3180-25 GC), sets forth the method by which county zoning may be repealed within a township and again we see that it must be by resolution or by a petition, signed by the necessary number of qualified voters.

In view of these statutes which specifically lay down the rules for county rural zoning, the County Commissioners did not meet the statutory requirements and therefore the attempt to rezone this particular parcel of real estate is contrary to law and the rezoning made herein was unlawful.

In view of our decision with reference to the first point of the peti-

136

tion on appeal, we do not think it is necessary to determine whether the County Commissioners are necessary parties or whether the fact that annexation was granted by the County Commissioners before the adoption of the rezoning makes this rezoning a moot question.