SCHLAGHECK ET AL., APPELLANTS, *v*. WINTERFELD ET AL., TRUSTEES OF ADAMS TOWNSHIP, APPELLEES.

300

(No. 5112—Decided December 29, 1958.)

*Messrs. Boggs, Boggs & Boggs, Mr. Theodore F. Jasin* and *Messrs. Reams, Bretherton & Neipp,* for appellants.

*Mr. Harry Friberg,* prosecuting attorney, *Mr. Ben Neidlinger* and *Mr. James D. Nestroff,* for appellees.

Fess, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court by plaintiffs from the action of the defendant Board of Trustees of Adams Township, Lucas County, Ohio, rezoning a forty-acre tract of land from suburban residential to general commercial, such court finding the action of such board to be reasonable and lawful and no error apparent on the record in said pleadings [*sic*] and no decision prejudicial to the appellants, denying the appeal and affirming the aforesaid action of said board.

Although not disclosed in the record, it is conceded that Adams Township previously adopted a comprehensive zoning ordinance pursuant to the provisions of Chapter 519 of the Revised Code.  It is to be noted that the record upon the appeal to the Common Pleas Court comprises a number of miscellaneous papers from the files of the defendant board, the township zoning commission and the Lucas County Planning Commission, but fails to include a certified transcript of all the proceedings before the board and the adoption of the resolution from which the appeal is taken.  Neither party to the appeal in the Common Pleas Court or in this court has raised any objection with regard to this deficiency in the record and no application for diminution of the record was made in the Common Pleas Court.

From the papers filed upon the appeal it appears that on June 7, 1957, the owner of record of the tract in question made application to the Adams Township Zoning Commission for a change in classification from R-A Suburban Residential to C-2 General Commercial in order to provide a shopping center thereon. Apparently notice of a public hearing to be held by the zoning commission on July 29, 1957, was given by such commission. At this hearing it was voted to continue the matter for a further hearing on August 12, 1957. On August 9, 1957, the Lucas County Planning Commission transmitted to the zoning commission its recommendation approving the change of zoning, accompanied by the minutes of the proceedings before the planning commission and sketches showing the proposed plat with additional requirements established by such planning commission. On August 13, 1957, the zoning commission notified the applicant that at its meeting held on August 12, 1957, the request for change of zoning had been disapproved and that the action of the zoning commission would be referred to the board of trustees for a like hearing on the proposal. Notice of a public hearing by the board of trustees to be held on September 17, 1957, was published.

From the minutes of this public hearing held September 17th it appears that "after more long discussions for and against the shopping center the trustees decided to take this matter under consideration and announce their decision at a later date." Thereafter, on October 1, 1957, without further hearing, the board of trustees unanimously voted to override the recommendation of the zoning commission and grant the change subject to certain stipulations and conditions similar to those imposed by the planning commission.

Upon the appeal to the Common Pleas Court, nine assignments of error on the part of the defendant were made, to which reference will be made later on in this opinion. Eight assignments of error on the part of the Common Pleas Court are presented upon this appeal. The first four assignments upon the appeal to this court relate to the refusal of the Common Pleas Court to hear and determine the appeal under the provisions of Chapter 2506 of the Revised Code.

Chapter 2506 was enacted without the saving clause (Sec-

tion 1.20, Revised Code), effective September 16, 1957. Sections 519.12 and 519.121, Revised Code, were previously amended without the saving clause, effective July 6, 1956. (126 Ohio Laws, Pt. II, 22, or 127 Ohio Laws, 1262, 1264.) Section 519.12 as amended in 1956 retained the provision for appeal by any person adversely affected by an order of the township trustees relating to zoning. Section 519.12 was again amended as of September 17, 1957, eliminating the provision for the appeal. 127 Ohio Laws, 363, 371. Appellants vigorously assert that Chapter 2506 is a new law effective prior to the action taken by the defendant board and long before the appeal was taken to the Common Pleas Court; that the appeal therein provided "is in addition to any other remedy of appeal provided by law"; that, therefore, Chapter 2506 is not an amendment or repeal within the contemplation of the provisions of Section 1.20, Revised Code; and that *Woodward, Admr.,* v. *Eberly,* 167 Ohio St., 177, 147 N. E. (2d), 255, is not to be applied to such a new law.

The contention of the appellants is not without some support. In *Wheeling & Lake Erie Rd. Co.* v. *Toledo Ry. & Terminal Co.,* 72 Ohio St., 368, 74 N. E., 209, 106 Am. St. Rep., 622, the Supreme Court held that an act to provide for one steam railroad crossing another steam railroad, effective from and after its passage, was original legislation and not an amendment of a statute which under Section 79, Revised Statutes, did not exempt pending actions or proceedings from its operation. In *State, ex rel. Village of Oak Hill,* v. *Brown, Clerk,* 125 Ohio St., 171, at page 177, 180 N. E., 707, the court pointed out that in *State, ex rel. City of Toledo,* v. *Weiler,* 113 Ohio St., 443, 149 N. E., 326, it was held that an amendment reducing the allowable indebtedness of a municipality from two and one-half to one per cent of the total value of listed property made a direct change in the law governing the issuance of bonds and therefore did not apply to pending proceedings for the issuance of bonds. Since the *Brown case* involved a change of law which only indirectly affected proceedings for the issuance of notes and their validity by shrinking the duplicate, Section 26, General Code, was not applicable and such enactment was held enforcible. In *Gulf Refining Co.* v. *Evatt, Tax Commr.,* 148 Ohio

St., 228, 74 N. E. (2d), 351, it is held that a valid tax exemption statute, which becomes effective during the pendency of an appeal by a taxpayer to the Board of Tax Appeals and which alters or removes the assessment being appealed, must be applied by that agency and that Section 26, General Code, does not apply to such statute for the obvious reason that no "statute is repealed or amended" by such statute. The court follows *Wheeling & Lake Erie Rd. Co. v. Toledo Ry. & Terminal Co., supra* (72 Ohio St., 368), and distinguishes *State, ex rel. Board of Edn. of City School Dist. of Cincinnati, v. Ach,* 113 Ohio St., 482, 149 N. E., 405, saying that the statute involved in the latter case made material changes in the essential steps required to be taken preliminary to the issuance of bonds.[1]

On the other-hand, in *Cincinnati, Hamilton & Dayton Rd. Co. v. Hedges,* 63 Ohio St., 339, 58 N. E., 804, decided prior to the *Wheeling case,* the court said:

"It is true that Section 79, Revised Statutes [Section 26, General Code, Section 1.20, Revised Code], applies only in terms to the amendment or repeal of a statute, and the act of 1890 above referred to is neither. Still, we regard the principle of that section as declaratory of the policy of our law, which forbids giving to a statute retroactive effect, though remedial in character, unless the act contains an express provision to that effect."

And in the later case of *State, ex rel., v. Ach, supra* (113 Ohio St., 482), the court says in paragraph one of the syllabus:

"Where a legislative enactment materially changes the procedure required to be followed by any governmental agency by requiring certain steps to be taken which were not theretofore necessary, such legislation amounts to an amendment of the laws theretofore existing, and is therefore subject to the rule of interpretation provided by Section 26 of the General Code."

In *Buckeye Churn Co. v. Abbott,* 115 Ohio St., 152, 152 N. E., 391, the court, without reference to Section 26, General Code, holds:

---

[1]See, also, *State, ex rel. Campbell, Pros. Atty., v. Ballard,* 8 Ohio App., 44; *Ward v. Swartz,* 25 Ohio App., 175, holding that Section 26, General Code (Section 1.20, Revised Code), applies to actions brought after the effective date of an amendment, but does not affect causes of action.

'  " 'Constitutions as well as statutes are construed to oper-
ate prospectively only, unless, on the face of the instrument or
enactment, the contrary intention is manifest beyond reasonable
question.' " (Citing numerous authorities.)[2]

The application for change of zoning was initially filed on
June 7, 1957, and came before the trustees for official action on
August 9, 1957. It was therefore a pending proceeding upon
the effective dates of the enactment of Chapter 2506 and the
1957 amendment to Section 519.12, Revised Code. Since Chap-
ter 2506 radically changes the procedure with respect to appeals
from boards and commissions below the state level, and the right
to appeal formerly allowed under Section 519.12, Revised Code,
has concurrently been abolished, we are prone to conclude that,
construed in the light of the above authorities and the pro-
visions of Section 1.20, Revised Code, the provisions of Section
519.12, Revised Code, as amended effective July 6, 1956, govern
the appeal in the instant case and not the provisions of Chapter
2506 or Section 519.12 as amended in 1957.[3]

[2]See, also, *State, ex rel. City of Toledo,* v. *Weiler, supra* (113 Ohio St.,
443), holding that the adoption of a municipal ordinance is a "proceeding"
within the purview of Section 26, General Code; *Von Gunten* v. *New Justice
Coal Co.,* 147 Ohio St., 511, 72 N. E. (2d), 253; *Summit Beach, Inc.,* v. *Glander,
Tax Commr.,* 153 Ohio St., 147, 91 N. E. (2d), 10; *State, ex rel. City of Cin-
cinnati,* v. *Flick, Aud.,* 153 Ohio St., 294, 91 N. E. (2d), 673.

[3]Section 519.12, Revised Code, as amended July 6, 1956, provides:

"Amendments or supplements to the zoning resolution may be initiated
by the passage of a resolution therefor by the board of township trus-
tees or by the filing of an application therefor by one or more of the owners
or lessees of property within the area proposed to be changed or affected by
the proposed amendment or supplement with the township zoning commission.
The board of township trustees shall upon the passage of such resolution cer-
tify it to the township zoning commission.

"Upon the certification of such resolution or the filing of such application
the township zoning commission shall set a date for a public hearing thereon,
which date shall not be less than thirty-five days from the date of the certifi-
cation of such resolution or the date of the filing of such application. Notice
of such hearing shall be given by the township zoning commission by one publi-
cation in one or more newspapers of general circulation in the township at
least thirty days before the date of such hearing.

"Within ten days after the certification of such resolution or the filing of
such application the township zoning commission shall transmit a copy thereof
together with text and map pertaining thereto to the county or regional plan-
ning commission, if there is such a commission.

In the Common Pleas Court, appellants assigned as error the failure of the zoning commission to notify property owners in the area by certified [*sic*] mail prior to its hearing. Although such provision is found in the third paragraph of the 1957 amendment of Section 519.12, no such provision is contained in the 1956 amendment.

Error is assigned also to the failure of the board to take testimony and to make and file conclusions of fact supporting its order and decision, and that its decision was unreasonable and arbitrary in that it was not supported by any competent or substantial evidence received by such board.

Paragraph six of Section 519.12 requires the trustees to hold a public hearing prior to the adoption of a proposed amendment. In adopting or amending a zoning regulation or ordinance, the board of township trustees exercises a legislative function and is not engaged in the exercise of a judicial, quasi-judicial or administrative function. The power of a

"The county or regional planning commission shall recommend the approval or denial of the proposed amendment or supplement or the approval of some modification thereof and shall, within twenty-five days after the receipt of such resolution or application, submit such recommendation to the township zoning commission. Such recommendation shall be considered at the public hearing held by the township zoning commission on such proposed amendment or supplement.

"The township zoning commission shall, after such hearing, recommend the approval or denial of the proposed amendment or supplement, or the approval of some modification thereof and submit such recommendation together with such application or resolution, the text and map pertaining thereto and the recommendation of the county or regional planning commission thereon to the board of township trustees.

"The board of township trustees shall, upon receipt of such recommendation, set a time for a public hearing on such proposed amendment or supplement, which date shall not be less than thirty days from the date of the receipt of such recommendation from the township zoning commission. Notice of such public hearing shall be given by the board by one publication in one or more newspapers of general circulation in the township, at least thirty days before the date of such hearing. Within twenty days after such public hearing the board shall either adopt or deny the proposed amendment or supplement or adopt some modification thereof. In the event the board denies or modifies the recommendation of the township zoning commission the unanimous vote of the board shall be required.

"Such amendment or supplement adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty

municipality to establish zones and to classify property accordingly is purely a legislative function which will not be interfered with by the courts, unless such power is exercised in an arbitrary, confiscatory and unreasonable manner in violation of constitutional guaranties. *Cleveland Trust Co.* v. *Village of Brooklyn,* 92 Ohio App., 351, 110 N. E. (2d), 440; *Partain* v. *City of Brooklyn,* 101 Ohio App., 279, 133 N. E. (2d), 616; *City of Euclid* v. *Lakeshore Co.,* 102 Ohio App., 96, 133 N. E. (2d), 372; *State, ex rel. Kangesser Co.* v. *Village of Beachwood,* 72 Ohio Law Abs., 73.'

That the board is engaged in a legislative function is further evidenced by the provision for a referendum election.

The term, "public hearing," to be held by a legislative body connotes the opportunity for interested persons to appear and express their views pro and con regarding proposed legislative action. Although a legislative body may take testimony, in the absence of statutory requirement, it is not obliged to do so. Occasionally a finding of necessity for a proposed enactment is provided in a preamble or in the body of the legislation itself,

days after the adoption of the amendment or supplement there is presented to the board of township trustees a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan and affected by the amendment or supplement equal to not less than eight percent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board of county commissioners to submit the amendment or supplement to the electors of such area for approval or rejection at the next primary or general election.

"No amendment or supplement for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification by the board of elections that the amendment has been approved by the voters it shall take immediate effect.

"Any person adversely affected by an order of the board of township trustees adopting, amending, or rescinding a regulation may appeal to the Court of Common Pleas of the county in which such township is located on the ground that such board of township trustees failed to comply with the law in adopting, amending, rescinding, publishing, or distributing such regulation, or that the regulation as adopted or amended by the board of township trustees is unreasonable or unlawful, or that the revision of the regulation was unreasonable or unlawful."

but there is ordinarily no requirement for incorporating conclusions of fact in such legislation or making same prior to its adoption. No provisions requiring the trustees to take testimony or make conclusions of fact are to be found in Section 519.12, Revised Code. Assignments of error 2 to 7 were properly overruled by the Common Pleas Court.

Under the last paragraph of Section 519.12, any person adversely affected by an order of the township trustees amending a zoning regulation may appeal to the Common Pleas Court on the ground (1) that such trustees failed to comply with the law in amending such regulation, or (2) that the regulation as amended is unreasonable or unlawful, or (3) that the revision is unreasonable or unlawful.[5]

Except for the failure to state in the published notice of the public hearing the place and time at which the text and maps of the zoning resolution might be examined as provided

----

[4]For opinions in zoning cases referring to the power as legislative in character which may not be exercised in an arbitrary or unreasonable manner, see *City of Youngstown* v. *Kahn Bros. Bldg. Co.*, 112 Ohio St., 654, 148 N. E., 842, 43 A. L. R., 662; *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St., 12, 180 N. E., 379, 86 A. L. R., 707; *State, ex rel. Synod of Ohio of United Lutheran Church,* v. *Joseph et al., Comm.*, 139 Ohio St., 229, 39 N. E. (2d). 515, 138 A. L. R., 1274; *Cassell* v. *Lexington Twp. Bd. of Zoning Appeals*, 163 Ohio St., 340. 345, 127 N. E. (2d), 11; *Davis* v. *Miller,* 163 Ohio St., 91, 93, 126 N. E. (2d). 49; *State, ex rel. Selected Properties, Inc.*, v. *Gottfried*, 163 Ohio St.. 469. 127 N. E. (2d), 371 (referring to delegation of legislative power); *McCloud* v *Woodmansee, Bldg. Commr.*, 165 Ohio St., 271, 274, 135 N. E. (2d), 316; *Yorkavitz* v. *Bd. of Twp. Trustees of Columbia Twp.*, 166 Ohio St., 349, 142 N. E. (2d). 655; *Curtiss* v. *City of Cleveland*, 166 Ohio St., 509, 144 N. E. (2d), 177; *Clifton Hills Realty Co.* v. *City of Cincinnati*, 60 Ohio App., 443, 21 N. E. (2d), 993; *Steudel* v. *Troberg*, 76 Ohio App., 136, 63 N. E. (2d), 241; *State, ex rel. Cook*, v. *Turgeon, Bldg. Commr.*, 84 Ohio App., 287, 77 N. E. (2d), 283; *State, ex rel. Weber*, v. *Vajner, Bldg. Commr.*, 92 Ohio App., 233, 235, 108 N. E. (2d), 569; *Shick* v. *Ghent Road Inn*, 132 N. E. (2d), 479; *Johnson* v. *Griffiths*. 74 Ohio Law Abs., 482, 141 N. E. (2d), 774.

In *State, ex rel. Anshe Chesed Congregation*, v. *Bruggemeier*, 97 Ohio App., 67, 115 N. E. (2d), 65, it is held that a council, in refusing to consent to the issuance of a permit, acts in an administrative capacity.

[5]Although appellants are owners of property contiguous to the area sought to be rezoned rather than within such area, they are nevertheless sufficiently adversely affected by the order to be entitled to appeal. Cf. *Clifton Hills Realty Co.* v. *City of Cincinnati, supra* (60 Ohio App., 443).

by Section 519.06, Revised Code, it appears that all procedural steps required by Chapter 519 of the Revised Code were followed incident to the adoption of the amendment. The record fails to show that appellants were prejudiced by such defect in the notice. It discloses that they were represented by counsel at the several proceedings before the planning commission, the zoning commission and the board of trustees, and no objection was made regarding such defect at the public hearing held by such board. No specific assignment of error is made upon this ground. Such defect is therefore to be regarded as nonprejudicial. *Johnson* v. *Griffiths*, 74 Ohio Law Abs., 482, 141 N. E. (2d), 774. And since the procedural steps prescribed by statute, including the conduct of a public hearing, were followed, the contention that the appellants were denied due process of law is unsupportable.

Under Section 519.12, aside from determining whether the trustees have complied with statutory requirements, the Common Pleas Court is limited in its review to a determination of whether the zoning amendment is unreasonable or unlawful.[6]

Courts have consistently refused to interfere with the sound discretion of those upon whom rests the responsibility of fixing boundaries of zones unless the exercise of this function indicates a wholly capricious, arbitrary, and unreasonable action, entirely foreign to any consideration involving the safety, health, morals or welfare of the public. *Central Trust Co.* v. *City of Cincinnati*, 62 Ohio App., 139, 23 N. E. (2d), 450 (citing *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S., 365, 71 L. Ed., 303, 47 S. Ct., 114, 54 A. L. R., 1016; *Nectow* v. *City of Cambridge*, 277 U. S., 183, 72 L. Ed., 842, 48 S. Ct., 447; *Pritz* v. *Messer*, 112 Ohio St., 628, 149 N. E., 30; *Mehl* v. *Stegner*, 38 Ohio App., 416, 175 N. E., 712).

---

[6]In this respect, the instant appeal is unlike appeals from administrative agencies authorized by other statutes. For example, under Section 119.12, Revised Code, the hearing upon the appeal proceeds as in a civil action and the court determines whether the order is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Andrews, Jr.*, v. *Board of Liquor Control*, 164 Ohio St., 275, 131 N. E. (2d), 390. The appeal in the instant case is not unlike that provided in Section 119.11, Revised Code. Cf. *In re Appeal from Board of Liquor Control*, 103 Ohio App., 517, 146 N. E. (2d), 309.

The Supreme Court has held that in reviewing the validity of zoning ordinances, courts do not pass upon the wisdom of such ordinances, but may only determine whether such an ordinance has a reasonable relationship to the preservation of public health, safety and morals. *State, ex rel. Jack,* v. *Russell, Bldg. Commr.,* 162 Ohio St., 281, 123 N. E. (2d), 261; *Curtiss* v. *City of Cleveland,* 166 Ohio St., 509, 144 N. E. (2d), 177, reversing *Curtiss* v. *City of Cleveland,* 74 Ohio Law Abs., 499. It is said that in considering this question the court should be "guided by the reasonable expectation and purpose expressed in the ordinance or fairly to be inferred therefrom of the ordinary person who sits in council and enacts laws for the welfare of the general public." *Steudel* v. *Troberg,* 76 Ohio App., 136, 63 N. E. (2d), 241; *State, ex rel. Cook,* v. *Turgeon, Bldg. Commr.,* 84 Ohio App., 287, 77 N. E. (2d), 283. But courts will not substitute their judgments for those of legislative boards charged with the duty of determining the necessity and character of zoning regulations so that if the validity of the legislative classification for zoning purposes is fairly debatable, the legislative judgment must be allowed to control unless there is a clear abuse of legislative power or the ordinance is unreasonable. *State, ex rel. Cook,* v. *Turgeon, supra* (84 Ohio App., 287); *Cleveland Trust Co.* v. *Village of Brooklyn,* 92 Ohio App., 351, 110 N. E. (2d), 440. Furthermore, it is said that the presumption of the validity of a zoning ordinance stands until it is clearly established that such an ordinance is invalid. *Pearce* v. *City of Youngstown,* 100 Ohio App., 22, 135 N. E. (2d), 430; *McCauley* v. *Ash,* 97 Ohio App., 208, 124 N. E. (2d), 739.[7]

[7]For instances where zoning regulations have been declared invalid for failure to comply with statutory provisions, see *Cassell* v. *Lexington Twp. Bd. of Zoning Appeals,* 163 Ohio St., 340. 127 N. E. (2d), 11 (for failure to specify uses not accompanied by a map); *Yorkavitz* v. *Bd. of Twp. Trustees of Columbia Twp.,* 166 Ohio St., 349, 142 N. E. (2d), 655 (prohibiting airports specifically authorized by another act); *State, ex rel. Gulf Refining Co.,* v. *DeFrance,* 89 Ohio App., 334, 101 N. E. (2d), 782, 89 Ohio App., 1, 100 N. E. (2d), 689; *State, ex rel Kling,* v. *Nielsen, Supt.,* 103 Ohio App., 60, 144 N. E. (2d), 278; *Kreutz* v. *Lauderbaugh* (C. P.), 74 Ohio Law Abs., 132, 136 N. E. (2d), 627.

For cases holding zoning regulations unreasonable or unlawful, see *City of Youngstown* v. *Kahn Bros. Bldg. Co.,* 112 Ohio St., 654, 148 N. E., 842 ("block" ordinance relating to small area restricting use to dwellings and

It is observed that cases holding particular zoning regulations unreasonable arise in actions for injunction, mandamus or declaratory judgments, in the trial of which evidence is received tending to disclose the invalidity of such regulations, in contrast with the statutory appeal in the instant case wherein the facts (except as may be disclosed by the proceedings of the zoning and planning commissions) underlying the action taken, unfortunately for the appellants, are not presented in the record for review.[8]

The contention of the appellants that they purchased their several properties contiguous to the area rezoned with the expectation that such area would remain residential does not afford a basis for declaring the amendment unconstitutional, unless such ordinance is found to be unreasonable and discriminatory and without relation to the public health, safety, morals or general welfare. *Curtiss* v. *City of Cleveland, supra,* sustaining a change from "retail business" to "multi-family" use, exempting pre-existing conforming uses.

barring apartment houses having no relation to the public health, morals and safety of the district or the city, distinguishing *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30, decided same day); *City of Akron* v. *Chapman,* 160 Ohio St., 382, 116 N. E. (2d), 697 (termination of lawful nonconforming use); *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St., 469, 127 N. E. (2d), 371 (delegation of legislative power without sufficient criteria); *Village of Ottawa* v. *Odenweller Milling Co.,* 57 Ohio App., 170, 13 N. E. (2d), 144 (spot zoning ordinance prohibiting erection of a grain elevator within area devoted to commercial and industrial purposes); *State, ex rel. Synod of United Lutheran Church,* v. *Joseph,* 36 Ohio Law Abs., 317, 139 Ohio St., 229, 39 N. E. (2d), 515 (refusal of permit pursuant to administrative policy that no church shall be erected in district while property in business district is available); *State, ex rel. Weber,* v. *Vajner, Bldg. Commr.,* 92 Ohio App., 233, 108 N. E. (2d), 569 (requiring a dwelling to be erected upon a public street); *Henle* v. *City of Euclid,* 97 Ohio App., 258, 118 N. E. (2d), 682 ("freezing" use only because city might need such property in the future for a freeway); *State, ex rel. Euverard,* v. *Miller, Inspector,* 98 Ohio App., 283, 129 N. E. (2d), 209 (restriction of tract on heavily travelled highway intersection with property adjacent thereto and diagonal therefrom used commercially to residential); *State, ex rel. Ohio Oil Co.,* v. *City of Defiance,* 99 Ohio App., 398, 133 N. E. (2d), 392; *White* v. *City of Cincinnati,* 101 Ohio App., 160, 138 N. E. (2d), 412 (change from industrial to residential for sole purpose of relieving housing shortage).

[8]The limited character of such an appeal may account for the repeal of the statutes providing therefor and the enactment of Chapter 2506.

The fact that the zoning commission disapproved the application on the ground that there was no need for more commercial zoning and that its members did not consider the request to be in the best interest of the community may be considered by the court upon the review, but such action is not binding upon the township trustees. Cf. *Johnson* v. *Griffiths, supra* (74 Ohio Law Abs., 482). The statute itself provides that the trustees may deny or modify the recommendation of the zoning commission by a unanimous vote. Likewise, upon review, the court may consider the fact that the trustees had before them for consideration the recommendation of the planning commission approving the zoning change.

We therefore conclude that upon the record presented for review in the Common Pleas Court, appellants failed to show that the defendant board failed to comply with the law in adopting the zoning amendment or that such amendment is unreasonable or unlawful.

With regard to the assignments of error upon the appeal to this court, Nos. 1 to 3 relate to the refusal of the Common Pleas Court to hear the appeal pursuant to Chapter 2506. No. 4 relates to the refusal of the court to apply the provisions of Section 519.12, Revised Code, as amended September 17, 1957, with respect to written notice to property owners. No. 5 relates to the failure of the court to sustain appellants' assignments of error 2 to 6 in that court with respect to the failure of the trustees to receive testimony at the hearing. No. 6 relates to the court's overruling of assignments Nos. 7 to 9, directed to the action of the trustees in setting aside the recommendation of the zoning commission rejecting the application, and that the granting of such application was arbitrary, capricious, illegal and not supported by any substantial evidence, and contrary to the arguments, facts and figures presented on behalf of the appellants showing that there was no need for any additional commercial zoning or additional shopping center in the area. Nos. 7 and 8, hold the action of the trustees in rezoning was in compliance with law and was reasonable and lawful.⁹

---

⁹In our opinion, the Common Pleas Court was only required to find and determine that upon the record presented the appellants failed to show that the action taken was unreasonable or unlawful.

Without further adding to this voluminous opinion, we find and conclude that the assignments of error presented upon this appeal are not well made and are overruled.

The judgment of the Common Pleas Court is affirmed and the cause is remanded thereto for execution for costs.

*Judgment affirmed.*

DEEDS, P. J., and SMITH, J., concur.