KLOKER ET AL., APPELLANTS, v. MORR ET AL., APPELLEES.

(No. 8694—Decided December 28, 1959.)

Mr. G. H. Hermerding, Mr. Stephen M. D. Burns and Mr. H. Richard Cockerill, for appellants.

Mr. C. Watson Hover, prosecuting attorney, and Mr. Raymond C. Wetherell, for appellees.

LONG, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

Appellants filed an application with the Hamilton County Rural Zoning Commission, requesting a change of zone of their property from residence "C" to heavy industrial "G." The zoning commission recommended no change of zone. On appeal to the Regional Planning Commission, the recommendation of the zoning commission was sustained, and both recommendations were made to the Board of County Commissioners upon appeal to that board. After regular hearing on the matter, the county commissioners adopted the recommendations of both the zoning commission and the Regional Planning Commission. Appeal by appellants was then made to the Court of Common Pleas. On the latter appeal, appellants offered, as they describe it, the entire record of the proceedings before the commissions and then made a motion for a judgment in their favor "on the record." Thereupon, appellees made a motion to dismiss. Upon the hearing of these motions, and in the same entry, the court sustained both motions. The latter motion was sustained on the ground that the court was without jurisdiction. We are at a loss to understand how the court could first

assume jurisdiction by sustaining the motion in favor of appellants and then sustain the motion of the appellees on the ground that it had no jurisdiction. In any event, the matter before this court is whether the Court of Common Pleas had jurisdiction to hear the appeal from the decision of the county commissioners.

The prosecuting attorney argues that, the matter before the commissioners being legislative in character, the trial court was without jurisdiction to hear the appeal. He cites *Schlagheck* v. *Winterfeld et al., Trustees*, 108 Ohio App., 299, 161 N. E. (2d), 498. On the merits, that case is authority for the propositions that courts "do not pass upon the wisdom" of township zoning ordinances, and that the adopting or amending of such an ordinance is legislative in character. However, we are not confronted with that situation in the case at bar. The only question, as stated above, is whether the Court of Common Pleas has the power and duty to hear the appeal in this case.

Section 307.56, Revised Code, provides as follows:

"A person aggrieved by the decision of the Board of County Commissioners *in any case*, may appeal within 15 days to the Court of Common Pleas, notifying the board of such appeal at least ten days before the time of trial. * * * At its next session, the court shall hear and determine the appeal, which decision shall be final." (Emphasis added.)

We then come to Section 2506.01, Revised Code, which provides for appeals from decisions of any agency of any political subdivision. This section provides as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include

any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding.''

It is to be noted that this section provides for an appeal to the Court of Common Pleas from any final order, adjudication, etc., of any board. ''The appeal provided'' in Sections 2506.01 through 2506.04 ''*is in addition to any other remedy of appeal provided by law.''*

It further sets out that appeals under this section apply to ''*a determination of the rights * * * or legal relationships of a specified person.''*

In the case at bar, surely the refusal of the Board of County Commissioners to amend the zoning regulation was ''*a determination of the rights''* of appellants.

It is the opinion of this court that the *appellants* had a right to *appeal* to the Court of Common Pleas and were entitled to a hearing on the merits in that court.

The judgment of the Court of Common Pleas is reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.