HAINES, APPELLANT, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 6833—Decided July 31, 1962.)

Mr. O. H. Roth, Mr. George E. Tyack and Mr. Paul A. Scott, for appellant.

Mr. Russell Leach, city attorney, Mr. Frank A. Reda and Mr. George C. Smith, for appellee.

DUFFY, J. This case was instituted on August 7, 1959, when the plaintiff, appellant herein, filed his petition in the Common Pleas Court of Franklin County, Ohio. After the pleadings were made and the case was at issue, the defendant, appellee herein, made a motion for summary judgment, at which time

they filed certain affidavits, records and depositions to be considered in deciding the motion for summary judgment. The trial court granted the defendant's motion and entered judgment for the defendant with costs to plaintiff.

A motion for new trial was made and overruled, and plaintiff has appealed to this court and has made the following assignments of error:

1. The Court of Common Pleas of Franklin County was without jurisdiction to render a summary judgment.

2. The order and judgment entered by the Common Pleas Court of Franklin County was contrary to law.

It is to be noted that Section 2311.041, Revised Code, which vested the courts with jurisdiction to render summary judgments, became effective November 9, 1959, which was approximately three months after this case was commenced in the Court of Common Pleas of Franklin County.

From our review of cases it is apparent that some Common Pleas Courts have granted motions for summary judgments in cases which were pending before November 9, 1959, and the appellate courts have affirmed those judgments, but it is not indicated in any of those cases that the court's authority to render a summary judgment was ever raised.

It should be noted that in this case the question was not raised in the trial court until after the notice of appeal was filed in this court, and the trial judge refused to consider it, stating that the notice of appeal had removed the case from the jurisdiction of the Common Pleas Court.

The particular section under consideration, Section 2311.041, Revised Code, does not state that the section should apply to pending cases and, if it is to be considered as an amendment to Section 2311.04, then it would not have any effect on pending litigation, as Section 1.20 of the Revised Code states:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The briefs filed by the parties indicate that their research has shown only one appellate district to have passed upon this question, and that in two cases considered by the Court of Appeals of the Fifth Appellate District it found that the trial court was without authority to render summary judgment as Section 2311.04 was not applicable to a cause which was a pending proceeding on November 9, 1959. These cases are unreported but were cited as *Bayuk Cigars, Inc.,* v. *Ellis A. Feiman,* case No. 2910, and *Geraldine M. Barnett* v. *James L. Young, Admr.,* case No. 872. An attempt to appeal the latter case was made to the Supreme Court of Ohio and, as reported in 171 Ohio St., 557, the Supreme Court dismissed the appeal for the reason that no debatable constitutional question was involved.

We are of the opinion that Section 2311.041, Revised Code, was an amendment to Section 2311.04, and has no application to actions which were pending on November 9, 1959. For a discussion of the problem see the opinion of Judge Fess in *Schlagheck* v. *Winterfeld et al., Trustees,* 108 Ohio App., 299. See, also, 20 Ohio State Law Journal, 613, and the Ohio Bar Association Report for November 13, 1961, at page 1208.

As to the second assignment of error, the plaintiff also wishes to raise a question which was not properly presented to the trial judge. In as much as it pertains to evidence, that assignment of error will be overruled.

Judgment of the trial court will be reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed.*

DUFFEY, P. J., and BRYANT, J., concur.

DUFFEY, P. J., concurring. The court did not lack jurisdiction in any sense of the power to hear and determine the case. It had jurisdiction of the subject matter of the suit and personal jurisdiction of the parties. I agree that the summary judgment statute does not apply to pending actions. However, I consider its application an irregularity. Such errors must be objected to in trial courts and cannot be raised for the first time in an appellate court. On consideration of the motion and the supporting material, I believe there was insufficient ground to justify the granting of a summary judgment. Accordingly, for that reason I concur in the judgment of reversal.