**JOHNSON et, Plaintiffs-Appellants, v. GRIFFITHS et, Defendants-Appellees.**
**BURKHARDT et, Plaintiffs-Appellants, v. GRIFFITHS et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3771, 3772.   Decided April 27, 1955.

Andrew L. Johnson, Youngstown, for plaintiffs-appellants.
Loren Van Brocklin, Clyde W. Osborne, Jr., Youngstown, for defendants-appellees.

## OPINION

Per CURIAM.

Acting on the applications of Charles R. Smith and Geneva Markstrom, Warren C. Hegg as agent for Cecil Chambers, and John and Robert Blattman on September 24, 1953, and October 16, 1953, respectively, the Trustees of Boardman Township by amended zoning ordinance rezoned lands in accordance with applicants' request from residence districts R-1 and R-2 to industrial districts to permit erection and operation by applicant Smith of a system of warehouses and by applicant Markstrom to reestablish a lumber yard and mill previously destroyed by fire and by applicants Blattman Brothers to erect a tool and die shop

on the rezoned lands and by applicant Chambers because he had been contacted "in relation to this by John Sederland, the Boardman Township Inspector." Such rezoning was "subject to owners filing a restrictive covenant not to strip mine, such covenant to run with the land and to be filed with the Mahoning County Recorder."

After due notice by publication in a newspaper of general circulation in Boardman Township and Mahoning County on May 29, 1953, the Mahoning County Planning Commission after full hearing had in accordance with law disapproved such zoning changes stating in a letter to counsel for defendant dated June 1, 1953, and signed by David Rhodes, Planning Director, that:—

"Boardman Township is largely a residential area in which ample zones available for industry and business have been already set apart under the existing zoning ordinance. Extensions thereof should not be made except where the need is clearly apparent, the proposed use (either industrial or business) is appropriate to the area involved, and would not be detrimental to the surrounding area, and the owners of adjacent or contiguous property will not be seriously damaged thereby."

Upon appeal to the court of common pleas of Mahoning County that court affirmed the action of the Board of Trustees of Boardman Township and entered final judgment for that board.

Plaintiffs appeal from the judgment of the court of common pleas to this court on questions of law in appeals numbered 3771 and 3772 on the docket of this court, and by assignments of error contend:—

"1. Error of said Board of Township Trustees in failing to pass a resolution declaring its intention to proceed under the provisions of the County Rural Zoning Act to amend and change said regulation rezoning the aforesaid lots and lands, before availing itself of such power conferred therein, as mandatorily required by §3180-26 GC, §519.02 R. C., §3180-27 GC, §519.03 R. C., and §3180-36 GC, §519.12 R. C.

"2. Error in that the Boardman Township Zoning Commission failed to submit a plan, including both text and maps, representing the recommendations of said zoning commission for the carrying out by said Board of Township Trustees of the powers, purposes and provisions set forth in said Act, as mandatorily required by §3180-29 GC, §519.05 R. C., and §3180-30 GC, §519.06 R. C.

"3. Error in that said Boardman Township Zoning Commission arbitrarily ignored, failed and refused to make use of the data information and counsel pertinent to the rezoning of said lots and lands, which were available from and furnished to it by the Mahoning County Planning Commission and the Mahoning County Planning Engineer for the use of said Boardman Township Zoning Commission in said rezoning matters, contrary to and in violation of §3180-29 GC, §519.05 R. C.

"4. Error in that said Township Zoning Commission failed and neglected to give notice of the public hearings held by it on May 18, 1953, and on May 25, 1953, as and in the manner mandatorily required by §3180-30 GC, §519.06 R. C., in that said notices failed to 'state the place or places and times at which the text and maps of the zoning resolution may be examined.'

"5. Error in that said Township Zoning Commission failed to submit any proposed zoning or rezoning resolution, including text and maps, to the Mahoning County Planning Commission for approval, disapproval or suggestions and failed to certify its recommendations for a zoning or rezoning plan to said Board of Township Trustees, as and in the manner mandatorily required by §3180-31 GC, §519.07 R. C.

"6. Error of said Board of Township Trustees in failing to hold a public hearing on any such certification of a zoning or rezoning plan from said Township Zoning Commission, after receiving the same and before adoption of any such zoning or rezoning resolution, as and in the manner mandatorily required by §3180-32 GC, §519.08 R. C.

"7. Error of said Board of Township Trustees in failing to amend and change said regulation rezoning said lots and lands, in the same manner and for the same purposes as provided in said Act for the adoption of the original resolution or Boardman Township Zoning Ordinance, contrary to and in violation of §3180-36 GC, §519.12 R. C.

"8. Error of said Board of Township Trustees in failing to comply with the law in adopting, amending, rescinding, publishing and distributing said regulation.

"9. Said regulation as adopted, amended, changed and revised by said Board of Township Trustees is unreasonable and unlawful.

"10. Said Board of Township Trustees acted arbitrarily and unlawfully in amending, changing and revising said regulation; and the same constitutes invalid spot zoning or piecemeal zoning.

"11. Error in that said purported amendments to and changing of said Boardman Township Zoning Ordinance has no relation to the public health, safety, morals, comfort or general welfare, but the same is wholly foreign and detrimental thereto.

"12. Error in that said regulation as amended, changed, revised and adopted by said Board of Township Trustees is unconstitutional, invalid, void and of no legal force and effect, in that the same deprives the appellants herein of liberty and property without due process of law and denies to them equal protection of the laws, contrary to and in violation of Section 1 of the 14th Amendment to the Constitution of the United States and **Article I, Section 1** and **Section 19, Ohio Constitution.**

"13. The aforesaid omissions, proceedings, actions, orders and failures of said Board of Township Trustees and Board of Township Zoning Commission, and the aforesaid findings and final judgments of the Court of Common Pleas affirming the same are not supported by sufficient evidence and are contrary to law and the evidence adduced.

"14. The Court of Common Pleas erred in his said findings and final judgments affirming said proceedings, actions and orders of said Board of Township Trustees."

By brief plaintiffs contend that the questions presented are:—

"1. May the Boardman Township Trustees dispense with the requisite steps provided and mandatorily required by §3180-26 GC, §519.02, et seq, R. C., and thus put into effect the aforesaid purported amendments to said Zoning Ordinance contrary to the plain mandate of said statutes?

"2. Are the aforesaid regulations as purportedly amended and

486

changed by said Boardman Township Trustees unlawful, unreasonable, and unconstitutional?

"3. Did the Court of Common Pleas commit prejudicial and reversible error in his said findings and final judgments affirming said proceedings, actions and orders of said Board of Township Trustees?"

Appeal numbered 3771 is taken from the amendment of the zoning ordinance governing the lands sought to be rezoned by Smith and Markstrom. Appeal numbered 3772 is taken from the action of the board of township trustees in amending the zoning ordinance governing the properties sought to be zoned by Chambers and John and Robert Blattman.

The record discloses exact compliance with the requirements of §519.01—§519.99 R. C., inclusive, with reference to township zoning under which the rezoning was had. Accordingly the procedural details taken with reference to such lands and the rezoning thereof will not be stated in this opinion, which procedural steps and action, in our opinion, constituted a sufficient certification of the action of the zoning commission, whose action constituted a resolution.

Further, the record discloses that defendants have complied with all statutory requirements with reference to submission of maps and plans as they were compelled to comply with such provisions of the Revised Code, which, holding as we do, we need not determine.

The Board of Trustees of Boardman Township and the Zoning Commission thereof are under no duty to follow the decision of the Mahoning County Planning Commission. See §519.05 R. C.

Coming now to consider plaintiffs' assigned ground of error number 4. While it is true that availability of the texts and maps for examination was not contained in the original advertisement of April 13, 1953, for public hearing, nevertheless they were available and the record discloses were inspected by counsel.

As applicable §519.06 R. C., provides:—

"Before submitting its recommendations of a zoning plan to the board of township trustees, the township zoning commission shall hold at least one public hearing, notice of which shall be given by one publication in one or more newspapers of general circulation in the township at least thirty days before the date of such hearing. The notice shall state the place and time at which the text and maps of the zoning resolution may be examined."

The record discloses that not only one but two public hearings were held before the Township Zoning Commission in each of the zoning amendments under discussion, and that prior to the second of such hearings the fact that texts and maps of each proposed zoning change were available for inspection at the Boardman Township Fire Station No. 1 was advertised in a newspaper of general circulation in Boardman Township and Mahoning County, and that a total of three public hearings were held on each proposed change before the Trustees of Boardman Township voted to amend the zoning ordinance.

In our opinion such procedure constitutes a substantial compliance with the statutory requirements and cured any defect in the procedure

which plaintiffs contend was occasioned by failure to advertise the availability of such texts and maps for examination.

Now it is the claim of counsel for plaintiffs that the Board of Township Trustees erred to their prejudice "in failing to amend and change said regulation rezoning said lots and lands, in the same manner and for the same purposes as provided in said act for the adoption of the original resolution or Boardman Township Zoning Ordinance, contrary to and in violation of §3180-36 GC, §519.12 R. C."

It is the contention of plaintiffs that:—

"As indicated by the transcripts of the record filed herein, no such resolution, or any resolution, has been passed by the township trustees in the exercise of the powers granted under this statute. As further indicated by said record, said amendments were not made in accordance with a comprehensive plan, or any plan whatsoever, in the exercise of the powers granted under this statute."

Sec. 519.02 R. C., provides in part that all such regulations shall be uniform for each class or kind of use throughout any district or zone. This does not mean that there may be only one kind of use throughout the zone. It means uniformity within each kind of use.

We find no merit in this contention.

The Board of Trustees of Boardman Township have discretionary power as to the manner in which amendments to the original zoning ordinance of that township may be amended, which discretion, in our opinion, such board did not abuse.

"Amendments or supplements to the zoning resolution may be made as provided by §§519.02 to 519.11, inclusive, R. C., except that they may be made without submitting them to a vote of the electors, unless within thirty days * * *." Sec. 519.12 R. C.

Further, it is noted that the Board of Trustees of Boardman Township proceeded under the Boardman Township Zoning Ordinance approved by the electorate thereof at a general election held on November 2, 1948, and in strict compliance therewith.

Plaintiff's assignments of error numbered 9 to 14 inclusive charges that the Board of Township Trustees acted arbitrarily and unreasonably in amending the Boardman Township Zoning Ordinance, and that its actions are "not supported by sufficient evidence and are contrary to law and the evidence adduced"; and that the "court of common pleas erred in his said findings and final judgment affirming said proceedings, actions and orders of said Board of Township Trustees"; and that the amendments made to the Boardman Township Zoning Ordinance have "no relation to the public health, safety and morals" of such township, and are in "violation of Section 1 of the 14th Amendment to the Constitution of the United States and Article I, Section 1 and Section 19, Ohio Constitution."

In our opinion plaintiffs have failed to prove such charges by the required degree of proof.

"The power of a municipality to establish zones and to classify property accordingly is purely a legislative function which will not be interfered with by the courts unless such power is exercised in an arbitrary and unreasonable manner in violation of constitutional guarantees, and the facts to justify interference with the sound discretion of the legisla-

tive body must clearly appear from the evidence, and, if debatable, the legislation will be upheld. A determination of whether a zoning classification is unreasonable, arbitrary and capricious must depend upon the facts and circumstances of each particular case under applicable principles of law. Courts will not substitute their judgment for the will of the legislative body. The strong presumption of validity which applies to legislative acts in general, applies with equal force to zoning ordinances." **Cleveland Trust Company v. Village of Brooklyn, 92 Oh Ap 351 at 358.**

"Before a court will take cognizance of a claim that the action of such officer or board is unlawful, arbitrary, unreasonable, or of such character as to constitute an abuse of discretion, facts must be set forth which warrant such conclusion." **32 O. Jur., Section 93, Page 954.**

"Courts have, therefore, consistently refused to interfere with the sound discretion of those upon whom rest the responsibility of fixing boundaries of zones unless the exercise of this function indicates a wholly capricious, arbitrary, and unreasonable action, entirely foreign to any consideration involving the safety, health, morals, or welfare of the public." **Central Trust Co. v. City of Cincinnati, 62 Oh Ap 139 at 143.**

"If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." Village of Euclid v. Ambler Realty Company, 272 U. S. 365, paragraph 4 of the syllabus.

"The rule is firmly established that the courts will not interfere with executive officers or boards in the performance of duties which are discretionary in their nature or involve the exercise of judgment, unless the action is such as to amount to fraud, bad faith, or a gross abuse of the judicial discretion conferred upon such officer or board." **32 O. Jur. Section 73, Page 930.**

We find no merit to plaintiffs' contention that the regulations are not uniform for each class or district or zone. See Article 3, Page 2, of the Zoning Ordinance of Boardman.

The evidence discloses that not one of the plaintiffs in either appeal own any of the lands involved in the appeals, and accordingly the amendments around which the controversy revolves do not constitute a taking of their property.

"Not all amendments which change the character of a use district, of course, fall within the category of 'spot zoning,' as we generally understand the term. There have been numerous instances where the establishment of a district or zone might appear out of harmony with the general plan yet the courts have upheld it because it did no violence to the spirit and intent of the comprehensive zoning plan as expressed in the general zoning ordinance and, on the contrary, harmonized with an orderly growth of a new use for property in the respective localities." Zoning Law and Practice, August, 1948 Edition, by Mr. E. C. Yokley, L. L. B., Section 82, Page 152.

Now as to plaintiffs' contention that the restrictive covenant ordered by the Board of Trustees of Boardman Township "not to strip mine," which covenant was "to run with the land and to be filed with the

Mahoning County Recorder" was a condition precedent to the granting of the amendments in controversy we concur with the reasoning of counsel for appellees as stated in their brief:—

"Appellees submit and affirm that in each of the cases in which such a restrictive covenant was required, that covenant has been duly executed by the property owners involved and is being held by the Board-man Township Board of Trustees in trust pending the outcome of these appeals. It is submitted that to file of record such a restrictive covenant for any landowner would result in a harsh and unjust situation, should this court or some other reviewing court decide that these amendments are not valid."

Of course, we find no violation of Section 1 of the 14th Amendment to the Constitution of the United States or **Article I, Section 1** and **Section 19, Ohio Constitution.**

It is obvious from what we have said in this lengthy opinion disposing in considerable detail of each of plaintiffs' numerous assignments of error that the judgment of the trial court must be and hereby is affirmed.

PHILLIPS, PJ, GRIFFITH, J, concur.
NICHOLS, J, dissents.

## DISSENTING OPINION

By NICHOLS, J.

The judgment of the common pleas court should be reversed for errors of law occurring upon the hearing wherein that court held that amendments can be made to the zoning resolution of the Township of Boardman without complying with the provisions of the township zoning act relating to the adoption of the original zoning ordinance.

The facts disclosed by the record here demonstrate clearly that the amendments attempted by the township trustees to the original zoning ordinance constituted spot zoning only in each instance, and each amendment was made for the sole benefit of the property owner without any regard to the health, morals, or welfare of the residents of the township. Such spot zoning is unconstitutional.

"Zoning laws are based upon police power of state to enact laws for safety, health, morals, and general welfare of people. * * *

"Persons buying property in district within zoning ordinance have right to rely upon rule that general classification will not be changed, unless required for public good." Kennedy et al v. City of Evanston, 181 North Eastern 312.

"City's power to amend zoning ordinance can be exercised only when public interest requires amendment.

"Person purchasing property after enactment of zoning ordinance could assume classification would not be changed unless change was required for public good." Phipps, et al v. City of Chicago, 171 N. E. 289.

"To justify an invasion of private rights as a valid exercise of police power, it must be shown that power was exercised for preservation of safety, health, morals or general welfare of public." Dunlap v. City of Woodstock, 91 N. E. (2nd) 434.

Owners of property designated as residential under the original

zoning ordinance have the right to rely upon the legislation fixed and determined until a proper and legal amendment is made according to the act. The value of plaintiffs' residential property undoubtedly would be affected adversely by the establishment of industrial enterprises in accordance with the attempted amendments to the township zoning resolution.

To deprive the owners of other property in the zoned territory of the benefits of the original zoning resolution would be to deprive them of a constitutional property right contrary to the Constitution of the State of Ohio and of the United States.

Furthermore, each of the persons whose property was spot zoned by the Board of Trustees had an adequate remedy at law under the Act for relief against any unnecessary harshness occasioned to them by the original zoning act.

Sec. 519.13 R. C., requires that the township board of trustees appoint a board of zoning appeals with express authority under Sub-Section B of §3519.14 R. C., to relieve against the harshness or injustice to any individual property owner under the original zoning resolution.

The judgment of the common pleas court should be reversed and final judgment rendered for appellants.