IN RE: REQUEST BY YEANY ET, FOR REZONING.

Ohio Appeals, Seventh District, Mahoning County.

No. 4308.   Decided July 9, 1963.

*Messrs. Carlyle & Carlyle,* for appellees, David Yeany, Robert L. Simon, Neva Simon, Leatha Hacker, H. D. and Evelyn Leitch.

*Mr. Paul E. Stevens,* for appellant, Joseph Rhattigan.

*Mr. Clyde W. Osborne,* prosecuting attorney, for appellees, Boardman Township Trustees.

FRANCE, J. On January 18, 1962, David Yeany and others submitted separate requests to the Boardman Township Zoning Commission for rezoning of their respective properties from Residence R-1 to Business under the Boardman Township Zoning Resolution. These requests were consolidated into two cases (A-62-01 and A-62-02) by the Zoning Commission, then heard together. Upon receipt of requests, text of the proposed zone change and map was transmitted to the Mahoning County Planning Commission as required by Section 519.12, Revised Code, hearing date was set and notices, the text of which was later questioned, were both published and mailed to adjoining property owners.

At the hearing property owners in the area appeared and presented their views, a stenographic transcript of the proceedings being made up. At its conclusion the Board recom-

mended approval of the proposed rezoning to the Board of Township Trustees, which in turn published notice and conducted hearing as required by statute and at conclusion adopted the recommendation and rezoned the property in question.

Appellants then appealed to Common Pleas Court, pursuant to Chapter 2506, Revised Code (appeals from Orders of Administrative Officers and Agencies) assigning two errors:—

1. That the order and decision is unconstitutional, illegal, unlawful, arbitrary, unreasonable and unsupported by the preponderance of circumstantial, reliable and probative evidence on the whole record.

2. That the Board of Trustees failed to comply with the law in adopting said order, adjudication and decision.

The Common Pleas Court found the decision of the Board of Trustees was neither unreasonable nor unlawful. Its journal entry stopped at that point, neither affirming or reversing the order or dismissing the appeal. From such judgment the appellant appeals on questions of law, making the single assignment of error that the judgment of the Court of Common Pleas is contrary to law.

No questions as to the constitutionality or reasonableness of the rezoning as a substantive matter are raised here. The entire question presented is the narrow one as to whether two procedural imperfections at the Zoning Commission level are sufficient to invalidate the entire proceeding.

It is claimed first that the Zoning Commission was without power to act because it had not first adopted formal rules for the transaction of its business. Section 519.05, Revised Code, provides in pertinent part:—

"The Zoning Commission shall organize, adopt rules for the transaction of its business and keep a record of its actions and determinations."

To establish such failure of the commission appellant elicited from the zoning inspector, John P. Sederland, the information that he "supposed" he was the clerk of the zoning commission (R. page 3), and that he would say they did not have any formal rules or regulations relating to the conduct of their meetings.

The transcript of the meeting itself shows that it was exceptionally well handled and done with utmost fairness, cf.,

*Roper* v. *Board of Zoning Appeals*, 173 Ohio St., 168, 170, and appellant was certainly not prejudiced thereby. Nor do we think the insertion of the words "shall adopt rules" was jurisdictional in character, precluding transaction of business. Even if it was, we do not think there was sufficient showing made in the record as to their absence. A zoning inspector who "supposes" he is a clerk is scarcely a suitable authority on the subject of what, if any, internal organization of the Zoning Commission has occurred, particularly when it is not shown that he had any opportunity for such knowledge. We do not consider the objection made to absence of rules as well made, either in law or fact.

The second claim of procedural imperfection relates to the text of the notices of hearing.

Section 519.12, Revised Code, provides, in pertinent part:

"Upon * * * the filing of such application the township zoning commission shall set a date for a public hearing thereon, * * *. Notice of such hearing shall be given by the township zoning commission by one publication on one or more newspapers of general circulation in the township at least fifteen days before the date of such hearing.

"If the proposed amendment or supplement intends to re-zone or re-district ten or less parcels of land, as listed on the tax duplicate, written notice of the hearing shall be mailed by the zoning commission, by first class mail, at least twenty days before the date of the public hearing * * *. The *published and mailed notices shall set forth* the time and place of the public hearing, the nature of the proposed amendment or supplement and a statement *that after the conclusion of such hearing the matter will be referred for further determination to the county or regional planning commission and to the board of township trustees as the case may be.*"

It is conceded that notices were sent and published as required and it is equally conceded that they did not contain the statement emphasized above or any indication of reference of the matter for further determination.

Appellant argues that the inclusion of such statement in the notice is mandatory, and that failure to include it deprived the Board of jurisdiction to conduct the hearing.

We concede that strict compliance with the terms of a statute requiring notice is necessary. *City of Barberton, ex rel. Platt,* v. *Dutt, Auditor,* 22 Ohio App., 200. "Substantial compliance cannot be found where there is a clear omission of some definite specific procedural requirement." *Lake Shore Electric Ry. Co.* v. *Public Utilities Commission of Ohio,* 115 Ohio St., 311, 317. It must also be conceded that the provision regarding the statement of procedure was added by amendment to Section 519.12, Revised Code, in 1959, and must therefore be given effect. *Malone* v. *Industrial Commission,* 140 Ohio St., 292. If the procedural law requires reference to planning commission *and* township trustees after hearing, then the statutory requirement that the public and nearby property owners be apprised in notices of such requirement must be given effect.

Unfortunately the designer of the notice statute overreached the designer of the procedure itself. The statute (Section 519.12, Revised Code), requires only that the zoning commission submit its recommendation to the township trustees, not to the township trustees *and* the planning commission; nothing is said about further reference to plannng commissions and as a matter of regularity it would appear improper to so re-refer it because the original recommendation made prior to the hearing is required to accompany the zoning board's action and recommendation to the trustees. We agree with the Attorney General of Ohio, who in construing the questioned language holds, in Opinion 1963-77, that it does not refer to procedure as such and therefore does not impose an additional procedural requirement.

Inclusion of such statement in any advance notice of hearing would therefore not merely confuse the recipient but actively misinform him as to the procedure he might expect. Where there is an unequivocal choice to be made in giving statutory notice between failure completely to inform the recipient, and giving him actively false information we believe the first is preferable. We conclude that in such situation the inclusion of false information as to procedure was not intended by the legislature to be mandatory and jurisdictional.

To the effect that not all statements in notices are jurisdictional, notwithstanding use of the word "shall," see *Schlagheck* v. *Winterfeld,* 108 Ohio App., 299, at pages 307-308:—

"Except for the failure to state in the published notice of the public hearing the place and time at which the text and maps of the zoning resolution might be examined as provided by Section 519.06, Revised Code, it appears that all procedural steps required by Chapter 519, Revised Code, were followed incident to the adoption of the amendment. The record fails to show that appellants were prejudiced by such defect in the notice."

See also *Dabkowski* v. *Baumann*, 175 Ohio St., 89, 93-94; *Andrews* v. *Diefenbach et al*, 175 Ohio St., 120, 122.

Appellees argue that, as in the *Winterfeld case*, there was no prejudice to appellant since he participated in the Zoning Commission hearing and was there fully and correctly informed, by the Commission Chairman, as to further procedure. The record substantiates this claim. We do not understand appellant to claim that he was, in any respect, prejudiced in presenting his position by the omissions of the notice or by the failure to adopt formal rules. He relies on the defects solely as going to the jurisdiction of the commission over the subject matter which would be non-waiveable and in which prejudice in presenting one's case is not an element. If the Zoning Commission had jurisdiction to proceed with its hearing, which we find it had, no question of other error prejudicial to appellant is before us.

Judgment affirmed.

BROWN, P. J., concurs.
JONES, J., not participating.