**BLACK et al., Appellants,**

**v.**

**MECCA TOWNSHIP BOARD OF TRUSTEES et al., Appellees.**

[Cite as *Black v. Mecca Twp. Bd. of Trustees* (1993), 91 Ohio App.3d 351.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4970.

Decided Nov. 1, 1993.

352

*William M. Roux,* for appellants.

*James M. Miller,* for appellees.

---

JOSEPH E. MAHONEY, Judge.

On August 26, 1993, plaintiffs-appellants, Darryl Black et al., who are all residents and landowners in Mecca Township, filed a motion for a temporary restraining order, a preliminary injunction and a complaint in mandamus against defendants-appellees, Mecca Township Board of Trustees et al. (hereinafter "zoning commission"). Appellants alleged that the zoning commission failed to comply with the requirements of the Ohio open meeting law, R.C. 121.22, and the requirements of R.C. 519.06, 519.07, and 519.08 in preparing, approving and adopting a proposed zoning resolution and subsequently certifying the placement of such proposed zoning resolution on the November 1993 general election ballot.

On October 1, 1993, the trial court conducted an evidentiary hearing at which the parties presented evidence and submitted "Stipulations of Fact and Joint Exhibits." On October 5, 1993, the trial court rendered its opinion and judgment entry denying appellants' motion for injunctive relief and dismissing appellants' complaint in mandamus.

Appellants have filed a timely appeal and now present the following assignments of error:

"1. The Trumbull County Court of Common Pleas erred to the prejudice of appellants by denying appellants' request for mandamus, declaratory judgment, and/or permanent injunction where appellees violated and failed to comply with the statutory mandates as required by [the] Ohio Revised Code regarding public meetings.

"2. The Trumbull County Court of Common Pleas erred to the prejudice of appellants by denying appellants' request for mandamus, declaratory judgment, and/or permanent injunction where appellees violated and failed to comply with the statutory mandates for certifying the zoning resolution pursuant to Ohio Revised Code 519.06 and 519.08.

"3. The Trumbull County Court of Common Pleas erred to the prejudice of appellants by denying appellants' request for mandamus, declaratory judgment, and/or permanent injunction where appellees violated and failed to comply with the statutory mandates for making the text and maps available for the thirty-day period immediately preceding the public meeting.

"4. The Trumbull County Court of Common Pleas erred to the prejudice of appellants by denying appellants' request for mandamus, declaratory judgment, and/or permanent injunction where appellees violated and failed to comply with the statutory mandates for submission of the zoning resolution to the planning commission as required by Ohio Revised Code 519.07."

Under the first assignment of error, appellants argue that appellees violated the Ohio Sunshine Law, R.C. 121.22, by holding a meeting at 6:00 p.m. that was advertised in the newspaper as beginning at 7:00 p.m. and, therefore, the trial court erred in denying their request for injunctive relief and mandamus.

The trial court made the following findings in regard to the alleged violation of R.C. 121.22. The zoning commission held a meeting on May 27, 1993, at which the commission's members passed a motion setting a special meeting for the zoning commission on June 1, 1993 at 6:00 p.m. The resolution which was passed on that motion indicated a special meeting for June 1, 1993 at 6:00 p.m. However, the minutes of the meeting contained a typographical error indicating the meeting was set for 7:00 p.m. James Kistler correctly reported the date and time of the meeting to wit: June 1, 1993 at 6:00 p.m., to the Warren Tribune Chronicle which mispublished the time of the meeting to be 7:00 p.m.

On June 1, 1993, the meeting commenced at 6:15 p.m. and continued until approximately 9:30 p.m. Appellants arrived at the meeting at or after the published time of 7:00 p.m.

Based on these findings, the trial court concluded that the zoning commission's June 1, 1993 meeting was in compliance with the Ohio Sunshine Law. The court explained that:

"Notice of the meeting was duly published by the Zoning Commission and the error in mispublication of the time of the meeting from 6:00 p.m. to 7:00 p.m. was not the fault of the Zoning Commission, nor did it deny any of the [appellants] the opportunity to attend the meeting to observe the conduct of the Zoning Commission business or to give comment for consideration of the Commission a[t] the meeting and any changes to the zoning [resolution] were not formally adopted until approximately 9:30 p.m. * * *."

The court further concluded that, based on the minutes of the May 27 and June 1 meetings, there was no evidence of any prejudice to appellants since no property owner was denied approval or nonconforming use designation.

Appellants argue that the Sunshine Law has been violated because the zoning commission took formal action and made over thirty zoning classification changes prior to 7:00 p.m., the time the public was advised the meeting would start. Appellants further argue that they are not required to show prejudice.

Appellants are correct as to the latter. Upon proof of a violation or threatened violation of the Sunshine Law, irreparable harm and prejudice shall be "conclusively and irrebuttably presumed." R.C. 121.22(I)(3). Thus, the issue is not whether appellants have been prejudiced, but whether there has been a violation of R.C. 121.22(F) as appellants contend.

R.C. 121.22(A) states:

"This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law."

R.C. 121.22(F) provides in part:

"*Every public body shall, by rule, establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.* A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting. * * *" (Emphasis added.)

R.C. 121.22(H) provides:

"A *resolution, rule, or formal action* of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section. *A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.*" (Emphasis added.)

The record demonstrates that the zoning commission did establish a reasonable method of informing the public of its meetings, to wit: publication of the notices of meetings in a newspaper, the Warren Tribune Chronicle. The evidence presented at trial shows that the zoning commission utilized this reasonable method by publicizing the meeting in the newspaper. The chairman of the zoning commission, James Kistler, testified he correctly reported that the June 1, 1993 meeting would start at 6:00 p.m. and that the newspaper mispublished the time as 7:00 p.m. The trial court found this testimony to be credible. Thus, R.C. 121.22(F) has not been violated.

Furthermore, it is evident the zoning commission fully intended to, and in fact did, publicize the June 1, 1993 meeting and held an open meeting beginning at 6:00 p.m. Nothing in the record indicates any kind of secret or clandestine closed-door meetings or that the commission went into executive session. Thus, there is nothing which would indicate the meeting which began at 6:00 p.m. and continued until approximately 9:30 p.m. was not open to the public. Additionally, any formal resolution which was passed occurred toward the end of the meeting.

At the conclusion of the meeting, the zoning commission submitted the draft zoning resolution, text and map to the Trumbull County Planning Commission for revision to include the changes adopted by the commission at the May 27 and June 1 meetings.

■ R.C. 121.22 does not require that a public body provide the public with an opportunity to comment at its meetings, *Forman v. Blaser* (Aug. 8, 1988), Seneca App. No. 13–87–12, unreported, 1988 WL 87146. If the public body does, however, choose to allow public participation, such participation is subject to the protections of the First and Fourteenth Amendments to the Constitution. 1992 Ohio Atty.Gen.Ops. No. 92–032, citing *Jones v. Heyman* (C.A.11, 1989), 888 F.2d 1328.

Finally, we note that typographical errors in newspaper publications are not uncommon. Under the facts before us, we decline to find a violation of the Sunshine Law just because the newspaper made an error in publication.

The first assignment of error is overruled.

■ In the second assignment of error, appellants argue the trial court erred in denying their request for injunctive relief and mandamus where appellees failed to certify the zoning resolution pursuant to R.C. 519.08.

R.C. 519.08 provides:

"After receiving the certification of a zoning plan from the township zoning commission, and before adoption of any zoning resolution, the board of township trustees shall hold a public hearing on the resolution, at least thirty days' notice of the time and place of which shall be given by one publication in a newspaper of general circulation in the township."

On May 31, 1993, the zoning commission timely published a thirty-day notice in the Warren Tribune Chronicle of a public hearing on the proposed resolution, text and map, to be held on July 1, 1993 at 7:00 p.m. The notice indicated that copies of the proposed resolution, text and map would be available at the home of the township clerk, Rand Chronister, on June 7, 1993.

The revised zoning resolution, text and maps were available to the public on June 7, 1993, as advertised. No changes were made to the zoning resolution, text and maps after June 1, 1993.

On July 1, 1993, a public hearing was held as advertised. At this meeting the zoning commission passed a resolution to submit the proposed zoning resolution, text and map to the Trumbull County Planning Commission for its approval, disapproval or suggestions. On July 2, 1993, James Kistler personally delivered a letter together with the proposed resolution, text and map to the Trumbull County Planning Commission, requesting approval, disapproval or suggestions for the proposed zoning resolution. Although the letter was dated June 30, 1993, the secretary testified she did not actually sign the letter until July 1, 1993, at the meeting.

On July 14, 1993, the Trumbull County Planning Commission passed a resolution approving the proposed zoning resolution, text and map. On July 15, 1993, the zoning commission held a meeting and passed a resolution submitting the proposed zoning resolution, text and map to the township board of trustees for its approval, disapproval or suggestions. The township board of trustees timely published notice in the Warren Tribune Chronicle of a public hearing on the proposed zoning resolution for August 16, 1993 at 7:00 p.m. At the meeting on August 16, 1993, the township board of trustees unanimously passed a resolution approving the proposed zoning resolution, text and map and directing that they be certified to the Trumbull County Board of Elections to be placed on the November 2, 1993 general election ballot.

Appellants take issue with the language of the resolution passed by the zoning commission on July 15, 1993, which directs the secretary of the commission to

transmit the zoning resolution to the township board of trustees. The resolution provides as follows:

"Be it resolved by the Mecca Township Commission, a public hearing having been held as provided [by] the Ohio Revised Code, that the secretary of the commission is directed to submit the proposed zoning resolution, including text and maps to the Mecca Board of Trustees of the Township for approval, disapproval or suggestions."

Appellants contend the zoning commission failed to "certify" its recommendations on the proposed zoning resolution because it failed to utilize the word "certify" in its resolution. Appellants' argument is without merit.

Nowhere does the statute require that the word "certify" be specifically set forth in the resolution submitting the zoning resolution to the township board of trustees. Furthermore, Black's Law Dictionary (5 Ed.1983) 118 defines "certify" as: "To authenticate or vouch for a thing in writing. To attest as being true or as represented." Webster's Ninth New Collegiate Dictionary (1991) 223 defines "certify" as: "1. to attest authoritatively: as a: to confirm b: to present in formal communication * * *."

The proposed zoning resolution together with the text and maps was formally transmitted or presented in a formal communication to the township board of trustees pursuant to R.C. 519.06. The township board of trustees then held a public hearing on the resolution meeting on August 16, 1993 pursuant to R.C. 519.08.

Based on these facts, we conclude there has been no violation of R.C. 519.06 or 519.08. Therefore, the second assignment of error is overruled.

In the third assignment of error, appellants argue that appellees violated R.C. 519.06 by not making the zoning resolution available for examination for thirty days immediately preceding the public meeting.

R.C. 519.06 provides:

"Before certifying its recommendations of a zoning plan to the board of township trustees, the township zoning commission shall hold at least one public hearing, notice of which shall be given by one publication in one or more newspapers of general circulation in the township at least thirty days before the date of such hearing. *The notice shall state the place and time at which the text and maps of the proposed zoning resolution may be examined.*" (Emphasis added.)

The statute does not expressly require that the text and map of the zoning resolution be available for thirty days, but states that the notice of the public hearing shall be given thirty days before the date of the hearing. The record

shows the zoning commission complied with the notice requirements of R.C. 519.06. The notice stated that copies of the proposed zoning resolution, text and map would be available for examination beginning on June 7, 1993 at the residence of Rand Chronister, Mecca Township Clerk, Monday through Friday between 9:00 a.m. and 5:00 p.m. Thus, the zoning resolution was available for the public's inspection or examination twenty-four days prior to the public hearing.

The trial court concluded the statute does not expressly require the proposed zoning resolution to be available for thirty days, but that "it would seem implicit in the statute that the proposed zoning resolution, text and map be available a reasonable and sufficient time before the public hearing so that any interested party could review the same reasonably in advance of this meeting." Based on this reasoning, the trial court determined that the twenty-four day advance availability complied with the express requirements and intent of the statute.

We agree with the trial court's reasoning and adopt the same. Furthermore, as appellees aptly note, not all procedural imperfections at the zoning commission level are sufficient to invalidate the entire proceeding. See *Schlagheck v. Winterfeld* (1958), 108 Ohio App. 299, 9 O.O.2d 277, 161 N.E.2d 498; *Johnson v. Griffiths* (App.1955), 74 Ohio Law Abs. 482, 141 N.E.2d 774; *In re Yeany* (App.1963), 94 Ohio Law Abs. 251, 30 O.O.2d 515, 200 N.E.2d 813.

Accordingly, the third assignment of error is overruled.

█ In the fourth assignment of error, appellants argue the proposed zoning resolution was submitted to the planning commission one week prior to the public meeting, in violation of R.C. 519.07, which requires the zoning commission to submit the proposed zoning resolution to the regional planning commission for approval, disapproval or suggestions after the commission holds the public hearing provided for in R.C. 519.06.

Appellants argue that the zoning commission submitted the proposed zoning resolution to the planning commission on June 24, 1993, prior to the R.C. 519.06 hearing held on July 1, 1993. Appellants base this contention on the minutes of the Trumbull County Planning Commission Plats and Zoning Committee meeting held on July 6, 1993, which state: "Z–93–12—Mecca Township Zoning Resolution—Mecca Township RESUBMITTED: 6/24/93." This argument is not well taken.

Edward Kutevac, Director of the Trumbull County Planning Commission and member of the Plats and Zoning Committee, testified that he could not say where the "6/24/93" date came from. However, the record demonstrates that the proposed zoning resolution, text and map, were formally referred to the planning commission pursuant to a resolution made at the July 1, 1993 hearing and were personally delivered by James Kistler to the planning commission on July 2, 1993.

Furthermore, the trial court found that no changes were made to the proposed zoning resolution, text and map after June 1, 1993.

The fourth assignment of error is overruled.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and NADER, JJ., concur.